```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      SOUTHERN DIVISION at LONDON

WILLIAM DILLARD SMITH,          )
                                )       Civil Case No.
     Petitioner,                )     6:12-cv-237-JMH-JGW
                                )
v.                              )   MEMORANDUM OPINION & ORDER
                                )
GARY BECKSTROM, Warden,         )
                                )
     Respondent.                )

                              ***
```

This matter is before the Court, pursuant to Fed. R. Civ. P. 72(a), on William Dillard Smith's "Objection to the Court's Order of 5/28/13 Allowing the Respondent to a Second Bite of the Apple by Allowing a Second Rule 5 Answer to the Writ of Habeas Corpus" [DE 28]. In his Objection, Petitioner argues that the Magistrate Judge erred when he decided, *sua sponte*, to permit Respondent to file an amended response to his Petition after briefing was complete. For the reasons which follow, the Court disagrees.

Smith filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 7, 2012 [DE 1]. The Magistrate Judge ordered a response from Respondent by March 29, 2013. [DE 8.] Before a response was filed, Smith filed a Motion to Supplement [DE 11], which was granted [DE 12] in an order which provided Respondent additional time in which to file

1

an answer or other response to the Amended Petition [DE 13], no later than April 29, 2013. Respondent filed a Response and Motion for Summary Judgment [DE 16 and 17] on April 29, 2013, and Smith filed a "Traverse and Reply to Respondent's Rule 5 Answer to Habeas Corpus Petition" on May 9, 2013 [DE 24].

In that briefing, the parties presented arguments as to whether Petitioner's ineffective assistance of counsel claims were properly before the Court on the present Petition or whether they were barred as a result of procedural default because, under *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012), "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Notably, Respondent took the position that *Martinez* was limited to instances where ineffective assistance of counsel claims could only be raised on collateral review in a state's courts and would not apply in this instance because, in Kentucky courts, ineffective assistance of counsel claims could be brought on direct appeal.

Then, sua sponte, the Magistrate Judge entered an order on May 28, 2013, permitting Respondent to file amended responsive briefing and, thereafter, an additional brief by Petitioer in light of the Supreme Court's decision in *Trevino v. Thaler*, 569 U.S. ___, entered on May 28, 2013. The Magistrate Judge

explained that additional briefing was necessary so that the Court could be advised as to the impact of *Trevino* on the present matter because the decision "expanded the narrow *Martinez* exception" and, arguably, made it applicable to Kentucky state prisoners. Specifically, *Trevino* held that "where . . . [a] state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies[.]" *Trevino*, slip op., at p. 14.

Petitioner takes the position that the Magistrate Judge's May 28, 2013, Order violates his due process rights and some aspect of fundamental fairness because it permitted additional briefing even though there were pleadings in place which had not been resolved. Specifically, he argues that in his Traverse and Reply, he was able to demonstrate that Respondent was not entitled to summary judgment and that *Martinez v. Ryan*, 132 S. Ct. 1039 (2012), applied to Kentucky prisoners seeking a "cause" for procedural default and that, under *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004), a "respondent failing to raise his procedural default challenge waives it."

The Court concludes, however, that the Magistrate Judge's Order was not in error. Frankly, it does not permit Respondent

3

another bite at the apple, as Petitioner has phrased it. Rather, the Court is bound to consider the impact of *Trevino* in this matter, even though it was handed down subsequent to the parties' initial briefing. Thus, it is reasonable for the Magistrate Judge to request revised briefs which offer an analysis of this matter in light of that decision. The Magistrate Judge's Order is neither "clearly erroneous" nor "contrary to law," and the undersigned judge declines to modify or set it aside. *See* Fed. R. Civ. P. 72(a).

Accordingly, Petitioner's objections are **OVERRULED**. The parties shall proceed with briefing as ordered by the Magistrate Judge on May 28, 2013 [DE 27].

This the 7th day of June, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4