UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

WILLIAM DILLARD SMITH,          )
                                )
        Petitioner,             )        Civil Action No.
                                )        12-CV-237-JMH-JGW
v.                              )
                                )
GARY BECKSTROM, Warden,         )    MEMORANDUM OPINION AND ORDER
                                )
        Respondent .            )

              **    **    **    **    **

This matter is before the Court on the Report and Recommendation of Magistrate Judge J. Gregory Wehrman [DE 37]. Said action was referred to the magistrate for the purpose of reviewing the merit of Smith's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Record No. 1, as amended by 12, 13], in which he challenges his conviction in a Kentucky state court. Respondent filed a Response to the Petition [DE 16] and a Motion for Summary Judgment [DE 17]. Petitioner then filed a "Traverse and Reply to Respondent's Rule 5 Answer to Habeas Corpus Petition" [DE 24]. Respondent filed an Answer to the Amended Complaint [DE 30], and Petitioner filed a renewed Motion for Summary Judgment [DE 31] and a Reply to Respondent's Answer [DE 32] . In his Report and Recommendation [DE 37], the Magistrate Judge concludes that none of the grounds for relief submitted by Smith merit relief under 28 U.S.C. § 2254 and recommends that the Petition [DE 1] be denied, that Respondent's

renewed Motion for Summary Judgment [DE 31] be granted, and that Respondent's original Motion for Summary Judgment [DE 17] be denied as moot. Petitioner has filed objections [DE 41] to only some portions of the Magistrate Judge's Report and Recommendation, as set forth below.

Having considered the parties' pleadings, the Report and Recommendation, and Petitioner's objections to the Report and Recommendation, using the standards set forth below, the Court will accept the conclusion set forth in the Report and Recommendation over Petitioner's objections.

## I.

The Kentucky Supreme Court has described the case of *Smith v. Commonwealth*, as follows:

> Smith, an over-the-road truck driver, his wife and two children from her previous marriage, lived together. The family experienced a string of multiple financial troubles. Smith's defense was that the charges leveled against him by the two children were, at their core, fabrications developed by his wife as revenge for his refusal to sell the family homestead and solve the financial problems. One child testified to acts of sexual contact including being forced to perform oral sodomy on Smith sometime in 1999 or 2000. That child's 12th birthday was in the spring of 2000. Both Smith's wife and the child testified to several acts of abuse. Another child testified to additional sexual act . . . .

> The jury convicted Smith of sodomy in the
> first degree, two counts of sexual abuse in
> the first degree, sexual abuse in the second
> degree, sexual abuse in the third degree and
> two counts of incest. He was sentenced to
> serve life in the penitentiary.

*Smith v. Commonwealth*, No. 2009-CA-002281-MR, 2006 WL 734008, at

*1 (Ky. Mar. 23, 2006).

Since that time, Petitioner has sought relief from the judgment by direct appeal and by collateral attack using a motion pursuant Kentucky Rule of Criminal Procedure of 11.42. With respect to his RCr 11.42 Motion, he was appointed counsel and an evidentiary hearing was convened, although his appointed counsel decided, after having "conducted [an] investigation into [petitioner's] allegations of ineffective assistance of counsel," that she would "not be supplementing [petitioner's] claims with a written supplement. . . ." [DE 23-5 at 1.]

In his Motion for Relief under CR 11.42 [DE 23-3 at 30-36], Petitioner argued to the Laurel Circuit Court that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution, citing *Strickland v. Washington*, 466 U.S. 668 (1984). Smith contended that the investigations undertaken by trial counsel were insufficient and that, thus, trial counsel was ineffective when he failed to interview or present testimony from Lynn Lawson or Petitioner's

son, Joseph Smith, and that Smith had also been prejudiced by trial counsel's failure to seek admission of his trucker's Daily Log which would have demonstrated that victims could not have been referring to the dates in question in their testimony accurately.

In its decision [DE 23-5 at 17-20, *Commonwealth of Ky. v. William Dillard Smith*, Indictment No. 03-cr-34, Order (Nov. 12, 2009)], the Laurel Circuit Court concluded that there was no basis for an ineffective assistance of counsel claim with respect to trial counsel's decision not to call Lawson because (1) Petitioner had offered no reason why she should have been called at trial and (2) she offered no factual evidence concerning the allegations in the indictment or alibi evidence. Her testimony before the trial court on the CR 11.42 motion was that she had heard "rumors" about Petitioner's actions, which the trial court discounted as hearsay that would have been inadmissible at trial. Further, the Circuit Court observed that trial counsel testified at the 11.42 hearing that those counts of the indictment for which Lawson's testimony might have been beneficial for his client were dismissed on the morning of trial. The Laurel Circuit Court found it meaningful that, to the extent that Lawson might have served as a character witness, counsel had moved to exclude character evidence and indicated

that he had no intention of using her as a character witness.

The Laurel Circuit Court also concluded that it was not error for trial counsel not to call Petitioner's son to testify in light of trial counsel's testimony. The court concluded that trial counsel's decision not to call Petitioner's son was sound trial strategy because, whether it might have placed Petitioner's son in danger of criminal charges himself, counsel was simply not sure that the son was telling the truth about his interactions with the victims. The Laurel Circuit Court next concluded that there was no ineffective assistance of counsel for failing to introduce the travel logs, even though those logs showed that Petitioner worked on specific dates related to the allegation that Petitioner had attempted to induce two witnesses to change his testimony, it did not prove that he was unable to visit those witnesses on the dates in question and did not provide an alibi nor could the logs have provided an alibi for the offenses charged because at least one count of the indictment charged offenses occurring in the spring and there existed logs concerning that period of time.

Trial counsel also testified that he declined to call social worker Marsha Hodge or A.N.C., one of the victims, because each could offer testimony that would have been highly damaging to Petitioner and that he had, in fact, filed a motion

in limine to exclude that evidence from Hodge. The Court concluded that this was sound trial strategy and not ineffective assistance of counsel. Finally, with respect to the decision not to cross-examine one of the victims, the Laurel Circuit Court concluded that there was no error of constitutional proportions with respect to assistance of counsel because Petitioner had not articulated how cross-examination of that victim witness would have benefitted Petitioner and there was evidence from trial counsel that a decision not to cross-examine the witness was made as the result of a reasoned decision, following and as a result of research conducted during a lunchbreak following her direct examination due to "an issue that arose" during the victim's direct examination by the prosecution.[1]

The Laurel Circuit Court ultimately concluded that Petitioner had failed to show how any actions or inactions of counsel constituted defective performance of counsel and failed to show that he was prejudiced by the actions, as required for relief under *Strickland* on his RCr 11.42 Motion.

---

[1] The state court also considered trial counsel's testimony at the hearing on the RCr 11.42 motion that Petitioner never told him about an individual named Pam Britton or the nature of testimony that she might have provided, and the Laurel Circuit Court concluded that counsel could not be faulted for Petitioner's omission in his own defense and declined to afford relief under *Strickland* on the claim of ineffective assistance of counsel for failing to call that witness. Petitioner does not make arguments concerning this claim in his § 2254 Petition before this Court.

On appeal of that decision to the Court of Appeals of Kentucky, Petitioner limited his argument to trial counsel's decision not to cross-examine one of the victims or to call Petitioner's son as a witness. The state appeals court concluded that, since Smith failed to allege with any specificity how he would have benefitted from the cross-examination of his victim or how he was prejudiced by a decision not to cross-examine her, there was no basis for his claim of ineffective assistance of counsel. *Smith v. Commonwealth*, 2011 WL 2496223, *2 (Ky. Ct. App. June 24, 2011). The state appeals court also concluded that there was no merit to Smith's argument that a decision not to cross-examine a witness constitutes ineffective assistance of counsel absent some explanation by that counsel and that, ultimately, he had failed to overcome *Strickland*'s strong presumption that counsel's conduct falls within the wide range of professional assistance" or "be considered sound trial strategy." *Id.* The Kentucky Supreme Court denied petitioner's motion for discretionary review in May 2012. *See* docket sheet for Case No. 2009-CA-002281, available at http://apps.courts.ky.gov/Appeals/COA_Dockets.shtm (last reviewed on September 29, 2014).

Petitioner sought relief by asking the trial court to vacate his sentence pursuant to Kentucky Rule of Civil Procedure

60.02 on the grounds that there was error at trial because, after the trial began, a juror told the trial court that she could not serve as a juror due to a previously undisclosed friendship with the Commonwealth Attorney and because the portion of the trial video concerning that matter was not available due to a recording equipment failure. The juror in question was dismissed by the trial court and was not among the jurors who found defendant guilty. Petitioner's Rule 60.02 motion was denied, and Petitioner voluntarily dismissed his appeal of that decision in order to pursue the petition at bar.

He now seeks relief from this Court pursuant to a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Record No. 1, as amended by 12, 13].

## II.

As tidily presented by the Magistrate Judge, Petitioner's § 2254 petition raises eight enumerated, interconnected issues alleging ineffective assistance of counsel. Petitioner contends that 1) his post-conviction counsel was ineffective for failing to present certain witnesses to show that his trial counsel had been ineffective [DE 1-1 at 9-18]; 2) his post-conviction counsel was ineffective by failing to supplement petitioner's pro se RCr 11.42 motion to add claims that petitioner's trial counsel had been ineffective for: a) failing to exclude the

testimony of victim B.N.C.; and b) failing to seek a competency evaluation for B.N.C. [DE 1-1 at 18-22]; 3) his post-conviction counsel was ineffective for failing to supplement his pro se RCr 11.42 motion to add a claim that his trial counsel was ineffective for failing to cross-examine properly witnesses for the prosecution [DE 1-1 at 23-29]; 4) his trial counsel was ineffective for failing to cross-examine victim B.N.C and by only cursorily cross-examining victim A.N.C. [DE 1-1 at 30-36]; 5) his trial counsel was ineffective for failing to call three potential witnesses who purportedly would have testified that the victims had previously fabricated allegations of sexual abuse against him [DE 1-1 at 37-39]; 6) his trial counsel was ineffective for failing to seek a competency evaluation for B.N.C. [DE 1-1 at 40-42]; 7) his trial counsel was ineffective for "abandon[ing]" a defense of actual innocence and by failing to present impeachment evidence regarding both victims [DE 1-1 at 43-50]; and 8) his counsel on direct appeal was ineffective for failing to "present to the Kentucky Supreme Court on direct appeal that portions of the trial video is [sic] missing and [failing to] seek a new trial." [DE 1-1 at 50-57.]

### III.

Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Report and Recommendation, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently, this Court adopts the recitation of facts set forth in the Report and Recommendation as its own, in addition to those set forth in this Memorandum Opinion and Order, as Petitioner makes no objection to that portion of the Report and Recommendation. Further, although the Court sets forth additional reasoning in the present Memorandum Opinion and Order, the Court adopts the rest of the reasoning set forth in the Report and Recommendation as its own to the extent that the Magistrate Judge's reasoning is not contrary to that which is articulated here and where Smith has stated particularized objections to the magistrate judge's report and recommendation.

## IV.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a state court's adjudication with respect to a habeas claim cannot be overturned unless it is contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court or was based upon an

unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d); *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (holding that state court decisions are entitled to considerable deference in § 2254 actions and that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."); *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003).

This deferential standard of review, however, applies only to a claim that has been "adjudicated on the merits in State court proceedings." Where claims were not adjudicated on the merits by state courts (i.e., procedurally defaulted claims), the Court considers the following:

> When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review. A petitioner may avoid this procedural default only by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the

petitioner's case. [2]

*Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000) (internal citations omitted). A claim is procedurally defaulted if a habeas petitioner has "failed to comply with a state procedural rule that is applicable to the petitioner's claim" and "the state courts actually enforced the procedural rule in the petitioner's case; and . . . the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Willis*, 351 F.3d at 744.

Petitioner objects to the Magistrate Judge's statement of the standard of review for § 2254 petitions and, in turn, argues that the Magistrate Judge failed to evaluate his claim under the standard required by *Strickland v. Washington*, 466 U.S. at 687

---

[2] Petitioner complains often and at length concerning the performance of post-conviction counsel in his collateral attack on the judgment. In resolving this matter, the Court assumes that Petitioner's situation "may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings" and that this Court should consider this matter. *See Gunner v. Welch*, 749 F.3d 511, 518-19 (6th Cir. 2014) (quoting *Martinez v. Ryan*, --- U.S. ----, 132 S.Ct. 1309, 1315 (2012)); *see also Trevino v. Thaler*, --- U.S. ----, 133 S.Ct. 1911, 1921 (2013) (holding that the rule in *Martinez* also applies where, although state procedural law may permit defendants to raise ineffective-assistance claims on direct appeal, a state's "procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal."). "Where, as here, the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim." *Martinez*, 132 S.Ct. at 1317. Assuming for the sake of argument, that *Trevino* applies to Kentucky post-conviction petitioners, all such petitioners are still "require[d] . . . to show that their underlying ineffective-assistance-at-trial claim is substantial and that their initial habeas attorney was ineffective." *Baze v. White*, Civil Action No. 01-31-ART, 2013 WL 2422863, at *4 (E.D.Ky. June 3, 2013).

("First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense."). The Magistrate Judge correctly stated both the standard of review for § 2254 petitions and the analysis to be completed under *Strickland* and its progeny, including *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), and *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), notwithstanding Petitioner's argument to the contrary. [*See* DE 37 at 8-16.]   The Court concedes that some portions of the Report and Recommendation may not offer the clearest picture of which standard of review is being applied to each claim and has, where necessary, briefly revisited that standard of review with respect to each issue addressed below. Ultimately, however, the Court agrees with the Magistrate Judge's recommended disposition of this case and adopts the recommendation of the Magistrate Judge as its own insofar as it is consistent with this Memorandum Opinion and Order.

**V.**

Where a petitioner claims ineffective assistance of counsel, he must first show that counsel's performance was deficient, which "requires showing that counsel made errors so

serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. A court need not address both the deficient performance and prejudice prongs if a defendant fails to make a sufficient showing on either prong. *See, e.g., United States v. DeGroat*, 102 Fed. App'x. 956, 959 (6th Cir. 2004).

In making those determinations, this Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689. Further, a state court's ineffective assistance of counsel determinations are entitled to increased deference in federal habeas proceedings. *See, e.g., Smith v. Metrish*, 436 Fed. App'x. 554, 560 (6th Cir. 2011) ("As this Court has recognized, the AEDPA deference that we must accord the state court's determination in ineffective assistance of counsel cases is even greater in light of the generalized nature of the *Strickland* inquiry.") (internal quotation marks omitted).

Petitioner claims that he can demonstrate that his counsel's errors – if they were errors – were sufficiently "serious" to serve as the basis for a claim that those attorneys were not functioning as the counsel guaranteed to him by the Sixth Amendment and, thus, he is either due relief on his Petition or, at the very least, his default of claims may be forgiven. Ultimately, the Magistrate Judge's Report and Recommendation recommends that each of his claims be denied citing the absence of prejudice from any error or the failure of the claim on the merits themselves. Having viewed Petitioner's arguments *de novo*, where he has filed objections, agrees.

In making this analysis, the Court notes that the state court has considered, in relevant part, only trial counsel's failure to present testimony from Lynn Lawson and Marsha Hodge. The Court affords this decision considerable deference as described above.[3] With respect to Petitioner's other arguments about whether certain witnesses should have been called, those matters have been defaulted as they were not considered before the state court. Petitioner has failed to show that prejudice

---

[3] The Court notes that the Laurel Circuit Court's decision with respect to Lawson and Hodge was not the subject of an appeal to the Kentucky Court of Appeals, although Petitioner did appeal other issues. The Court might review this decision as defaulted but has evaluated using the standard applicable to a claim appropriately and fully presented to the state courts out of an abundance of caution.

would result from any default and, thus, the Court concludes that it need not be excused and that no relief is warranted.

Petitioner devotes several pages of his Objection to the actions of trial counsel and post-trial counsel and focuses, primarily, on the fact that post-trial counsel did not call certain witnesses — Marsha Hodge (a social worker), Cynthia Green (a social worker), Kitty Felts (a friend of Petitioner), and Lynn Lawson (who Petitioner characterizes as a friend of the victims' mother) — to demonstrate why trial counsel's failure to call them in Petitioner's defense at trial was ineffective assistance of counsel. He theorizes that evidence obtained from the testimony of these witnesses would have demonstrated that the victims were making false allegations of sexual abuse because of inconsistencies in the victims' stories which could be gleaned from the witnesses' experiences with the girls and their mother, who was also a witness in the matter. Thus, he argues that he was, in fact, prejudiced by the decision not to call these witnesses – contrary to the Magistrate Judge's recommendation -- and that he is due relief on his Petition.

He argues that the testimony of social workers Hodge and Green should have been used to demonstrate that the victims had lied to others about him and his alleged physical abuse of the girls and their mother in the past and were, thus, likely to be

lying about the charges against him at trial. The Laurel Circuit Court, the last Court to consider trial counsel's decision not to call Hodge as a witness concluded that, because she could have offered testimony that would have been highly prejudicial to Petitioner, it was sound trial strategy not to call her, not ineffective assistance of counsel. Assuming for the sake of argument that Petitioner did not default this claim when he did not pursue it on appeal of the state court's decision, he has not persuaded this Court that the state court's decision was contrary to or an unreasonable application of *Strickland*.

The failure to call Greene was not addressed by the state court because, it appears, that Petitioner did not raise it before that Court. However, while the Court might consider whether there was cause to excuse that failure by virtue of ineffectiveness on the part of post-conviction counsel, this Court is not persuaded that Petitioner was prejudiced by the failure of post-conviction counsel to raise it. Much as Hodge's testimony would have been of limited use (because her report contained no information bearing directly on the sexual abuse allegations which were the subject of the charges against Petitioner), the reports of social workers Hodge and Greene contained information concerning substantiated reports of

physical abuse within Petitioner's family which would have opened the door for a highly prejudicial discussion of the petitioner's past history of domestic abuse. Had counsel called Green to impeach Petitioner's wife concerning whether he was abusing her at any time relevant to this matter, it would have opened the door to questioning about his abuse of her in the past which, apparently, stopped when he was taken to court for beating her. As did the state court with Hodge's testimony, this Court concludes that it would have been sound trial strategy on the part of trial counsel not to pursue the examination of Greene as a witness. In other words, Petitioner cannot show that his counsel was not performing adequately by failing to pursue this issue and, therefore, he may not obtain relief under *Strickland* as he cannot show that he was prejudiced by anyone's actions.

Petitioner next argues that Felts would have testified that she was unaware of abuse in the home and that Petitioner never took the victims on trucking trips with him and, thus, could not have abused them. However, Felts' Affidavit [DE 1-5] provides no information from personal knowledge concerning what actually went on in the Smith household or in his truck at the relevant times, stating only that she did not observe abuse of the victims' mother or believe that the girls went on trucking trips

with their stepfather.[4]  It is unclear how the proposed testimony
of Felts, as described by Petitioner and articulated in Felts'
affidavit, would have had "any tendency to make the existence of
any fact that is of consequence to the determination of the
action more probable or less probable than it would be without
the evidence."  KRE 401.  Petitioner's theory is that Felts'
proposed testimony would have made it more probable than not
that Petitioner did not abuse his victims at the times at which
he was accused of abusing them or that his victims or their
mother were lying about whether they ever suffered sexual or
physical abuse by him and had, thus, reduced credibility.
However, the Court is not persuaded that her testimony would
have inured to his benefit as Petitioner suggests. In the first
instance, it did not speak directly to the instances of alleged
abuse on trial and could not have been relevant.  Further, it
would not have been admissible at trial since any comments that
Felts might have offered on the instances of abuse on trial
would not have been based on personal knowledge since she did

---

[4] Petitioner also argues that his counsel should have presented testimony from
his brother, who was his team truck driver during some period relevant to the
case during which it was alleged that the victims were abused, because his
brother would have testified that the victims did not go on trucking trips
with them. The Court is unclear on precisely what that testimony would have
been and can offer no opinion on how it might have impacted the outcome of
the trial.  At this late juncture, the Court can say only that Petitioner has
not provided adequate evidence for the Court's consideration nor an adequate
rationale for a determination that its absence meaningfully impacted the
outcome at Petitioner's trial, and the Court will consider his arguments
about this evidence, both with respect to his trial counsel and post-
conviction counsel's actions, no further.

not purport to be present at the relevant times.

Finally, he focuses on Lynn Lawson's potential testimony (1) that she had been told by the victims' mother that she knew of the charges against Petitioner weeks prior to his arrest, contrary to the victim's mother's trial testimony that she only knew about it two days before the arrest and (2) that she was unaware of any abuse of the victims' mother by Petitioner, notwithstanding their close friendship, and that she was aware that the victims did not go on trucking runs with Petitioner. Assuming for the sake of argument that Petitioner did not default this claim when he did not pursue it on appeal of the state court's decision, he has not persuaded this Court that the state court's decision was contrary to or an unreasonable application of *Strickland*. Petitioner has not demonstrated how such a minor testimonial inconsistency concerning the time at which the victim's mother became aware of charges against Petitioner would have meaningfully impacted the outcome in this matter. Nor does Lawson's testimony provide information from personal knowledge concerning what actually went on in the Smith household or in Smith's truck at the relevant times, as she states only that she did not observe abuse of the victims' mother or believe that the girls went on trucking trips with their stepfather. Giving deference to the state court's

decision, the Court cannot conclude that the state court's decision was contrary to or an unreasonable application of *Strickland*.

The Court is simply not persuaded that the decision not to call these witnesses demonstrates that trial counsel or, eventually, post-conviction counsel performed deficiently. Indulging in the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, the Court cannot find that any reasonable jurist would have necessarily concluded only that the decision not to call these witnesses was error which denied Petitioner functional counsel as guaranteed by the Sixth Amendment to the United States Constitution. The potential testimony of these individuals, as it has been described to this Court, was of extremely limited relevance to the matters presented at trial or for use at trial.[5] Each witnesses' testimony had the potential to open up substantial questioning about and inquiry into Petitioner's history of domestic abuse.

---

[5] In each instance, it is unclear how the testimony of the proposed witnesses as described by Petitioner would have had "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." KRE 401. Petitioner's theory seems to be that their proposed testimony would have made it more probable or not that Petitioner abused his victims or more probable or not that his victims or their mother were lying about whether they suffered sexual or physical abuse by him. In fact, as described above, none of these witnesses had much of anything to say which would have been directly related to the matters before the jury and which was based on their personal knowledge, as required under KRE 602, to warrant its admission under KRE 401 and 402.

Nor has Petitioner, for that matter, shown that the performance of counsel prejudiced him in a way that would warrant the excuse of any default. The Court accepts and adopts this portion of the Magistrate Judge's Report and Recommendation over Petitioner's Objections.

VII.

Petitioner next argues that it would be error to conclude, as the Magistrate Judge recommends, that his post-conviction counsel was not ineffective for failing to supplement his pro se RCr 11.42 motion before the state court to add a claim that petitioner's trial counsel was ineffective for failing to cross-examine witnesses, specifically the victims. He argues that he can demonstrate that he was prejudiced because his trial counsel never cross-examined B.N.C., one of the victims, and only briefly cross-examined A.N.C., another victim, even though trial counsel explained during opening statements that the victims told conflicting stories and that, thus, the case was about the credibility of the witnesses.

Issues concerning cross-examination of the victims were considered by the state court on collateral attack, which concluded there was no basis for an ineffective assistance of counsel claim on these grounds because Petitioner could not show how he was prejudiced by the alleged failure. He theorizes that

examining the victims more closely would have shown them to be incredible witnesses, but he has never presented specific evidence that would show how he would have benefitted from additional cross-examination of these witnesses. Petitioner has not persuaded this Court that the state court's decision was contrary to or an unreasonable application of *Strickland*.

Petitioner's reliance on *Plummer v. Jackson*, 491 Fed. App'x 671 (6th Cir. 2012), which had not been decided at the time Petitioner's RCr 11.42 Motion was resolved, to support his argument is unavailing. In *Plummer*, the Court of Appeals concluded that a broken promise that the defendant will testify made by defense counsel in an opening statement may be prejudicial because it can create expectations that, when not fulfilled, could lead a reasonable jury to draw negative inferences about the strength and integrity of a defendant's case. In the instant matter, however, Petitioner does not contend that trial counsel promised that he would cross-examine the victims and cannot deny that trial counsel did, in fact, inquire of other witnesses about matters which touched upon the victims' credibility. For example, Petitioner, himself, describes the victims' mother's testimony that the victims were known to be untruthful, willing to lie to get their way and to receive SSI checks. [DE 1-1 at 44.]

As the Magistrate Judge correctly notes, "[t]he Sixth Circuit has held that failure to present cumulative evidence is insufficient to warrant habeas relief." [DE 37 at 13 (citing *Broom v. Mitchell*, 441 F.3d 392, 410 (6th Cir. 2006) ("The additional evidence that Broom identifies elaborates his difficult childhood as was described by his mother at the trial. We have held that the failure to present additional mitigating evidence that is merely cumulative of that already presented does not rise to the level of a constitutional violation. [T]o establish prejudice, the new evidence that a habeas petitioner presents must differ in a substantial way—in strength and subject matter—from the evidence actually presented at sentencing.")). There is no reason to conclude otherwise in this matter. The Court accepts and adopts this portion of the Magistrate Judge's Report and Recommendation over Petitioner's Objections.

VIII.

Finally, Petitioner argues that the Magistrate Judge erroneously concluded that he was not prejudiced when trial counsel failed to request a competency evaluation of the victims because "Petitioner has pointed to nothing definitive to show that either victim's competency at the time of trial should be called into question." [DE 41 at 15 (citing DE 37 at 11).]

24

This claim has been defaulted as it was neither presented to nor ruled upon by the state courts. Accordingly, the Court looks for a reason to excuse that default but ultimately concludes that the claim would fail on its merits and, thus, Petitioner has sustained no prejudice due to anyone's failure to present the issue in this matter.

It is irrelevant to the question of their competency to testify in the matter that Petitioner believed both girls to be "compulsive liars" who would "lie at any time about any matter or against any person to get their own way." Such evidence would go to the victims' credibility, not their competency to serve as a witness. Petitioner has not demonstrated that either victim would have been found incompetent under Kentucky law, which presumes all persons to be competent to be witnesses, Kentucky Rule of Evidence 601(a), unless they lack the capacity to accurately perceive the matters about which they are to testify, to recollect facts, express themselves so as to be understood, or to understand the obligation to tell the truth. KRE 601(b)(1)-(4). Thus, neither post-conviction nor trial counsel could be deemed ineffective for failing to question their competency by requesting some sort of evaluation, and Petitioner cannot establish that he was prejudiced by that failure. The Court accepts and adopts this portion of the

Magistrate Judge's Report and Recommendation over Petitioner's Objection.

## IX.

Smith's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 argues, largely, that his counsel at both the state court trial and in the state post-conviction process took actions or failed to take actions which repeatedly denied him an opportunity to demonstrate that his victims and their mother were untrustworthy witnesses. He contends that, had he been able to adduce additional evidence to persuade the jury of the victims and their mother's untrustworthiness, the jury would have concluded that not only did he never sexually abuse the victims but he was never in the position to do so. Basically, he believes that he should not have been convicted by "lying liars that lie," but the evidence available to the Court shows that he, by and through counsel, had an opportunity to attack the credibility of the witnesses and that counsel either took that opportunity or had sound strategic reasons not to pursue the lines of questioning to the witnesses upon which Petitioner now seeks relief in his petition for a writ of habeas corpus. As the Magistrate Judge concludes and as the undersigned agrees, Petitioner cannot demonstrate that either the state court, where it considered the issues raised here, was contrary to, or an

unreasonable application of, clearly established federal law as determined by the Supreme Court or was based upon an unreasonable determination of the facts in light of the evidence presented to the state courts. *See* 28 U.S.C. § 2254(d); *Harrington*, 131 S.Ct. at 786; *Willis*, 351 F.3d at 744. Nor can he demonstrate that any default of his claims can be excused because he was prejudiced by any of the failures of counsel that he alleges. *See Seymour*, 224 F.3d at 549-50.

Ultimately, the Court is unpersuaded by Petitioner's arguments and agrees with the analysis of and conclusion reached by the Magistrate Judge. Having considered the report and recommendation of the Magistrate Judge with respect to the Respondent's Motion for Summary Judgment and Petitioner's Petition, those pleadings themselves, and his objections to the Report and Recommendation, the Court concludes that judgment in favor of Respondent is appropriate as a matter of law.

**X.**

Finally, no certificate of appealability shall issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Petitioner must be able to show that reasonable jurists could find in his favor, and the

"question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See id.*

Accordingly, **IT IS ORDERED**:

(1) that the Recommended Disposition of Magistrate Judge J. Gregory Wehrman [DE 37] is **ACCEPTED and ADOPTED** insofar as it is consistent with this memorandum opinion and order;

(2) that Respondent's renewed Motion for Summary Judgment [DE 31] is **GRANTED**;

(3) Respondent's initial Motion for Summary Judgment [DE 17] is **DENIED AS MOOT**; and

(4) that Smith's Petition for a Writ of Habeas Corpus [Record No. 1] as amended [DE 12, 13] is **DENIED**; and

(5) that no certificate of appealability shall issue.

This is the 30th day of September, 2014.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

28